UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REDFOX INDUSTRIES, INC., | No. 2:13-cv-02176-TLN-KJN |
| Plaintiff, | |
| v. | **ORDER** |
| CARPENTERS 46 NORTHERN CALIFORNIA COUNTIES CONFERENCE BOARD, et al. | |
| Defendants. | |

This matter is before the Court pursuant to Defendants Carpenters 46 Northern California Counties Conference Board and Carpenters Local 46's (herein collectively referred to as "Defendants") Motion to Dismiss. (*See* ECF No. 6.)[1] Plaintiff Redfox Industries, Incorporated ("Plaintiff") has filed an opposition (*see* ECF No. 12), and Defendants have filed a reply (*see* ECF No. 13). The Court has considered the parties' assertions and for the reasons stated below, Defendants' Motion to Dismiss (ECF No. 6) is hereby DENIED.

**I.    Factual Background**

Plaintiff's Complaint was filed in response to an arbitration award in which the arbitrator found that Plaintiff was essentially the alter ego of a company named Miller Paneling. Plaintiff

---

[1] Page number citations such as this one refer to the page number reflected on the Court's CM/ECF system and not to page numbers assigned by the parties.

1

was not a party to the arbitration.  However, the award instructs Plaintiff to turn over accounting information for the purpose of determining damages against Miller Paneling.  Plaintiff asserts that it is not in fact the alter ego of Miller Paneling and further contends that it is not bound by the award against Miller Paneling.  Plaintiff's Complaint requests declaratory and injunctive relief from the legal implications of this award.  (ECF No. 1-1 at 7.)[2]  Defendants filed a Motion to Dismiss alleging that Plaintiff's claims are preempted.  (ECF No. 6.)

## II.     Legal Standard

Federal Rule of Civil Procedure 8(a) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009).  Under notice pleading in federal court, the complaint must "give the defendant fair notice of what the claim . . . is and the grounds upon which it rests." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotations omitted).  "This simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002).

On a motion to dismiss, the factual allegations of the complaint must be accepted as true. *Cruz v. Beto*, 405 U.S. 319, 322 (1972).  A court is bound to give plaintiff the benefit of every reasonable inference to be drawn from the "well-pleaded" allegations of the complaint. *Retail Clerks Int'l Ass'n v. Schermerhorn*, 373 U.S. 746, 753 n.6 (1963).  A plaintiff need not allege "'specific facts' beyond those necessary to state his claim and the grounds showing entitlement to relief." *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. 544, 556 (2007)).

Nevertheless, a court "need not assume the truth of legal conclusions cast in the

---

[2]  Subsequent to the filing of Defendants' Motion to Dismiss, this Court held that a related case, predicated on the same arbitration award, was not final and thus not correctly before this Court. *See Miller Paneling Specialties, Inc. v. Carpenters 46 Northern California Counties Conference Board; Carpenters Local 46*, No. 2:13-cv-01477-TLN-KJN, at ECF No. 26.

2

form of factual allegations." *United States ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir. 1986). While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Moreover, it is inappropriate to assume that the plaintiff "can prove facts that it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged[.]" *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

Ultimately, a court may not dismiss a complaint in which the plaintiff has alleged "enough facts to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 697 (quoting *Twombly*, 550 U.S. at 570). Only where a plaintiff has failed to "nudge[] [his or her] claims . . . across the line from conceivable to plausible[,]" is the complaint properly dismissed. *Id.* at 680. While the plausibility requirement is not akin to a probability requirement, it demands more than "a sheer possibility that a defendant has acted unlawfully." *Id*. at 678. This plausibility inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 679.

In ruling upon a motion to dismiss, the court may consider only the complaint, any exhibits thereto, and matters which may be judicially noticed pursuant to Federal Rule of Evidence 201. *See Mir v. Little Co. of Mary Hosp.*, 844 F.2d 646, 649 (9th Cir. 1988); *Isuzu Motors Ltd. v. Consumers Union of United States, Inc.*, 12 F. Supp. 2d 1035, 1042 (C.D. Cal. 1998).

If a complaint fails to state a plausible claim, "'[a] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.'" *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc) (quoting *Doe v. United States*, 58 F.3d 484, 497 (9th Cir. 1995)); *see also Gardner v. Marino*, 563 F.3d 981, 990 (9th Cir. 2009) (finding no abuse of

discretion in denying leave to amend when amendment would be futile).  Although a district court should freely give leave to amend when justice so requires under Rule 15(a)(2), "the court's discretion to deny such leave is 'particularly broad' where the plaintiff has previously amended its complaint[.]"  *Ecological Rights Found. v. Pac. Gas & Elec. Co.*, 713 F.3d 502, 520 (9th Cir. 2013)  (quoting *Miller v. Yokohama Tire Corp.,* 358 F.3d 616, 622 (9th Cir. 2004)).

### III. Analysis

Defendants make numerous assertions as to why Plaintiff's claims are barred.  First Defendants argue that Plaintiff's claim is barred pursuant to section 301 of the Labor Management Relations Act ("LMRA").  (ECF No. 6 at 8.)  In support, Defendants assert that "[s]ection 301 governs claims founded directly on rights created by collective-bargaining agreements, and also claims substantially dependent on analysis of a collective-bargaining agreement.  *Caterpillar Inc. v. Williams*, 482 U.S. 386, 394 (1987)."  (ECF No. 6 at 8 (internal quotations omitted).)

The Court notes the broadly defined scope of section 301.  *See Young v. Anthony's Fish Grottos, Inc.*, 830 F.2d 993, 997 (9th Cir. 1987) ("The preemptive force of section 301 is so powerful as to displace entirely any state claim based on a collective bargaining agreement … and any state claim whose outcome depends on analysis of the terms of the agreement.").  However, Defendants' reliance on the aforementioned case law is misplaced.  The case law cited by Defendant involves state law claims questioning the legality of collective bargaining agreements.  None of the case law cited by Defendants involves the instant situation wherein Plaintiff's Complaint asks for relief from an arbitration award that Plaintiff was not a party to.  Thus, Defendants have not met their burden under Federal Rule of Procedure 12(b)(6) of showing that Plaintiff's Complaint is in fact preempted, thereby requiring dismissal.

Defendants next argue that Plaintiff's Complaint is preempted by the National Labor Relations Act ("NLRA").  (ECF No. 6 at 11.)  Defendants assert that Plaintiff's claims require resolution of whom the union represents.  (*See* ECF No. 6 at 12 ("[i]f the 'interpretation of the contract depends entirely on the resolution of whom the union represents, the matter is properly left to the [NLRB].'" (quoting *United Assn of Journeymen &Apprentices of Plumbing &*

4

*Pipefitting Indus., Steamfitters &. Refrigeration Union, Local 342 v. Valley Eng'rs*, 975 F.2d 611, 614 (1992)).)   The Court is not persuaded that such an inquiry is necessary let alone would constitute a decision that is entirely dependent on "the resolution of whom the union represents." Defendants try to characterize the crux of Plaintiff's claim as "being compelled to comply with a collective bargaining agreement to which it is not signatory." (ECF No. 6 at 11.)   Although being forced to comply with the collective bargaining agreement could be a result if Plaintiff fails to succeed on its claims, it is not the gravamen of the Complaint.  This Court construes Plaintiff's Complaint to be predicated on its argument that it "cannot be bound by the decision of the arbitrator, to an arbitration where they did not receive notice."  (ECF No. 1-1 at 8.)

Defendants' final assertion is that the Norris-LaGuardia Act severely restricts this Court's jurisdiction.  (ECF No. 6 at 13.)  The Norris-LaGuardia Act states that

> No court of the United States, as herein defined, shall have jurisdiction to issue any restraining order or temporary or permanent injunction in a case involving or growing out of a labor dispute, except in a strict conformity with the provisions of this Act; nor shall any such restraining order or temporary or permanent injunction be issued contrary to the public policy declared in this Act.

29 U.S.C. § 101.  The Act further defines a labor dispute as

> any controversy concerning terms or conditions of employment, or concerning the association or representation of persons in negotiating, fixing, maintaining, changing, or seeking to arrange terms or conditions of employment, regardless of whether or not the disputants stand in the proximate relation of employer and employee.

29 U.S.C. § 113(c).  Although courts have interpreted this language very broadly, *see Jacksonville Bulk Terminals, Inc. v. Int'l Longshoremen's Ass'n*, 457 U.S. 702, 715 (1982), Defendants have not put forth any precedent to support the possibility that Plaintiff's Complaint requires this Court to entertain issues concerning labor disputes.   As this Court has alluded to throughout this order, it is the Court's understanding that Plaintiff is challenging whether Defendants may enforce an arbitration award against a nonparty to the arbitration. (See Pl's Opp., ECF No. 12 at 3 (quoting *Carpenters 46 Northern Cal. Counties Conf. Bd. v. Zweigle*, 130 Cal. App. 3d 337, 345–347 (1982)  for the proposition that  an arbitration award enforceable

5


against individual contractor and his corporation, but not against other corporations under which he operated that did not appear as parties to the arbitration.).)  The Court does not express an opinion as to whether this Court may engage in an analysis as to whether Plaintiff is in fact an alter-ego of Miller Paneling.  To do so would constitute judicial review of an arbitration award that this Court has already determined is not final and thus not reviewable.  (*See Miller Paneling Specialties, Inc. v. Carpenters 46 Northern California Counties Conference Board; Carpenters Local 46*, No. 2:13-cv-01477-TLN-KJN.)  Accordingly, at this juncture Defendants have not met their burden under Federal Rule of Civil Procedure 12(b)(6).[3]

### IV.  Conclusion

For the foregoing reasons Defendants' Motion to Dismiss (ECF No. 6) is hereby DENIED.[4]

IT IS SO ORDERED.

Dated: May 16, 2014

Troy L. Nunley
United States District Judge

---

[3]  The Court expresses no opinion as to in such an instance whether Plaintiff's Complaint would be barred.
[4]  Such denial, in no way forecloses Defendants from filing future motions concerning these arguments should they find doing so appropriate.

6